NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JOHN KLENE and EDUARDO
DUMBRIQUE,

          Plaintiffs - Appellees,

  v.

MARCELLA WINN,

          Defendant - Appellant.

No. 24-7805

D.C. No.
2:22-cv-08318-KK-JC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Argued and Submitted October 9, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Appellant Marcella Winn (Detective Winn) appeals the district court's denial of her motion for summary judgment based on qualified immunity. Reviewing de novo, we affirm. *See Hart v. City of Redwood City*, 99 F. 4th 543, 547 (9th Cir. 2024).

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On July 10 and August 14, 1997, respectively, Detective Riggs, from the Los Angeles Sheriff's Department, arrested Eduardo Dumbrique and John Klene (collectively Appellees) for the murder of Antonio Alarcon (Alarcon) based on a statement from Santo Alvarez (Alvarez).[1] Around the same time, Detective Winn, from the Los Angeles Police Department, was investigating the murder of Richard Daly (Daly), with Alvarez as a suspect. Although Detective Winn issued a probable cause declaration against Alvarez, she never actually interviewed him during the course of her investigation. Appellees allege that Detective Winn's failure to investigate Alvarez, in concert with Detective Riggs, resulted in the suppression of crucial impeachment evidence that could have been used to discredit Alvarez's testimony during the Alarcon murder trial, thereby violating their constitutional right to a fair trial.

**1.** We have jurisdiction to decide whether the district court erred in determining that Detective Winn was not entitled to qualified immunity as a matter of law. *See Scott v. Smith*, 109 F.4th 1215, 1222 (9th Cir. 2024). This "interlocutory review jurisdiction is limited to resolving [the] purely legal contention that [Detective Winn's] conduct did not violate . . . clearly established law." *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (citations,

---

[1] Appellees were wrongfully convicted of this murder, and incarcerated for almost 24 years.

alterations, and internal quotation marks omitted).

**2.** Qualified immunity shields government officials from liability under 42 U.S.C. § 1983 "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Bird v. Dzurenda*, 131 F.4th 787, 790 (9th Cir. 2025) (citation omitted). On appeal, Detective Winn challenges only whether her conduct violated clearly established law.

"The government is obliged to disclose pertinent material evidence favorable to the defense, and this applies not only to matters of substance, but to matters relating to the credibility of government witnesses." *United States v. Butler*, 567 F.2d 885, 888 (9th Cir. 1978), *as amended* (citing *Giglio v. United States*, 405 U.S. 150 (1972)).

Moreover, "[s]ince the investigative officers are part of the prosecution, the taint on the trial is no less if they, rather than the prosecutor, were guilty of nondisclosure." *Id.* at 891 (citation omitted); *see also Carrillo v. Cnty. of Los Angeles*, 798 F.3d 1210, 1221 (9th Cir. 2015) (recognizing that "*Butler* clearly established in 1978 that police officers have a duty to disclose *Brady* [and *Giglio*] material) (citations omitted).

Appellees created a material factual dispute as to whether Detective Winn failed to fulfill her duty to provide complete and developed reports to the

prosecutor. For this reason, Detective Winn did not fulfill her obligation by disclosing incomplete and/or undeveloped reports to the prosecutor. *See Mellen v. Winn*, 900 F.3d 1085, 1103 (9th Cir. 2018) (noting that as of 1978, "police investigators violate *Brady* when they fail to disclose material impeachment evidence to prosecutors"). With the facts taken in the light most favorable to the Appellees, Detective Riggs knew about Alvarez's dishonesty, but did not document evidence of it or investigate further into Alvarez's credibility. A jury could conclude that Detective Riggs was engaged in a conspiracy with Detective Winn to suppress evidence of Alvarez's unreliability, making Detective Winn liable for Detective Riggs's failure to disclose impeachment evidence to Appellees, who were defending themselves against murder charges in the Alarcon case.

A jury could also conclude that, Detective Winn conspired with Detective Riggs to suppress evidence by deliberately ignoring and failing to pursue critical leads in her own case that could impeach Alvarez's testimony in Detective Riggs's case. After preparing a probable cause declaration naming Alvarez as a suspect, Detective Winn did not interview him or attempt to gather any evidence that would impugn Alvarez's credibility as a witness in the case Detective Riggs was investigating, even though Alvarez had been identified as being involved in the murder Detective Winn was investigating. In sum, Detective Winn's selective

collection of evidence effectively suppressed exculpatory and material impeachment evidence involving the main prosecution witness against Appellees.

At the time of the investigation, it was clearly established that investigating officers have a duty to disclose impeachment evidence to the defendant in a criminal case. *See Mellen*, 900 F.3d at 1088 (holding that "the law at the time of the 1997-98 investigation [of the Daly Murder] clearly established that police officers investigating a criminal case were required to disclose material, impeachment evidence to the defense"). And although *Brady* does not create a general duty to gather evidence, it was also clear in 1997 "that a bad faith failure to collect potentially exculpatory evidence would violate the due process clause." *Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir. 1989). Accordingly, the district court did not err in denying Detective Winn's motion for summary judgment based on qualified immunity.

**AFFIRMED.**